1
2
3
4
5
6
7
8

# United States District Court
# Central District of California
# Eastern Division

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| ANDREW HARBUT, *et al.*, | ED CV 12-01983 TJH (DTBx) |
| Plaintiffs, | |
| v. | Order |
| MONAVIE, INC., *et al.*, | |
| Defendants. | JS-6 |

18    The Court has considered Defendants' motions *in limine* to exclude (1) evidence

19 of conduct by Juicey Acai, LLC and to dismiss claims brought under California law,

20 and [Dkt. # 145] (2) Plaintiff's expert witness Michael Starnbach, Ph. D. and strike his

21 expert witness reports, as well as Plaintiff's motions *in limine* to exclude [Dkt. # 137]

22 (1) Defendants' expert witness Michael Greger, M.D. FACLM and strike his expert

23 reports [Dkt. # 139] and, (2) certain evidence [Dkt. # 147], together with the moving

24 and opposing papers.

25

26 **Defendants' motions *in limine* to exclude evidence of conduct by Juicey Acai, LLC and**

27 **to dismiss claims brought under California law**

28    On March 8, 2017, Juicey Acai, LLC ["Acai"] was dismissed from this action.

1    Consequently, Defendants move to exclude evidence of conduct by Acai, "including

2    any and all representations made by . . . Acai with respect to the juice products at issue

3    in this case, on the ground that such evidence is irrelevant to the issues to be decided

4    at trial."  Defendants note in their reply that Plaintiff concedes that Plaintiff "did not

5    learn anything about 'MonaVie' juice on the . . . Acai website that he did not already

6    know from reading the MonaVie website."  As such, Defendants are correct.  Acai's

7    conduct is irrelevant because Acai's conduct, including representations made on its

8    website, do not have any tendency to make a fact of consequence more or less probable

9    than it would be without the evidence.  *See* Fed. R. Evid. 401.

10       Next, Defendants contend that, in light of Acai's dismissal, the remaining

11   California claims — claims under the Consumer Legal Remedies Act ["CLRA"], Cal.

12   Civ. Code § 1750, *et seq.*, the False Advertising Law ["FAL"], Cal. Bus. & Prof.

13   Code § 17500, *et seq.*, and the Unfair Competition Law ["UCL"], Cal. Bus. & Prof.

14   Code § 17200, *et seq.* — are not cognizable.  Although, as the parties note, motions to

15   dismiss  under the guise of a motion *in limine* are arguably improper, and certainly

16   disfavored, the Court may treat such motions as motions for partial  summary judgment

17   where, as here, "the facts are not in dispute, and the question before the Court is purely

18   legal."  *See Arcure v. California Dep't of Developmental Servs.*, No. 143-cv-00541

19   MJS (PC), 2016 WL 6248261, at *1 n.1 (E.D. Cal. Oct. 25, 2016).

20       Here, Plaintiff does not allege that any of the remaining Defendants engaged in

21   conduct in the State of California.   Under California's presumption against the

22   extraterritorial application of its laws, courts do not apply California law to the claims

23   of non-resident parties based on conduct occurring outside of the state.  *See Norwest*

24   *Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-25 (1999).  Although "state

25   statutory remedies may be invoked by out-of-state parties when they are harmed by

26   wrongful conduct *occurring in California*," *Gerstle v. Am. Honda Motor Co., Inc.*, No.

27   16-CV-04384-JST, 2017 WL 2797810, at *3 (N.D. Cal. June 28, 2017) (emphasis

28   added), such conduct is not alleged here.  Accordingly, the remaining California claims

1  fail as a matter of law because the application of the CLRA, FAL, and UCL, in this

2  case would involve the extraterritorial application of California law.  *See Norwest*

3  *Mortg., Inc.*, 72 Cal. App. 4th at 222-25.

4

5  **Defendants' motions *in limine* to exclude Michael Starnbach, Ph. D.and strike his expert**

6  **witness reports**

7       The Court has broad latitude to perform a "gatekeeping" function in determining

8  the admissibility of expert testimony.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509

9  U.S. 579, 597 (1993).  Under Fed. R. Evid. 702, "[a] witness who is qualified as an

10  expert . . . may testify in the form of an opinion or otherwise if[,]" *inter alia*, "the

11  testimony is based on sufficient facts or data" and "the testimony is the product of

12  reliable principles and methods[.]"  The Court may exclude an expert's opinion if it

13  finds that the expert's methodology in analyzing the data is unreliable.  *Kumho Tire Co.*

14  *v. Carmichael*, 526 U.S. 137, 153 (1999).  Some factors the Court may consider are:

15  whether the theory or technique involved can or has been tested, whether it has been

16  subjected to peer review or publication, and whether it enjoys general acceptance in the

17  relevant scientific community.  *Daubert*, 509 U.S. at 593–95.

18       Dr. Starnbach's report does not cite a single methodology, test, or paper to

19  support his conclusions.  Instead, the conclusions are based on — as Plaintiff notes in

20  its opposition — Dr. Starnbach's "education and years of experience as a scientist in the

21  fields of microbiology, immunology, and infectious diseases."  Dr. Starnbach's

22  "education" and "experience," however, are not sufficient in this case.  Because

23  education and experience — at least in this context — do not lend themselves to

24  independent verification, such basis fails to meet Plaintiff's burden "to show that the

25  expert's findings are based on sound science" — that is, "some objective, independent

26  validation of the expert's methodology."  *Daubert v. Merrell Dow Pharm., Inc.*, 43

27  F.3d 1311, 1316 (9th Cir. 1995) ["*Daubert II*"].

28       On the other hand, under Fed. R. Evid. 702, an expert witnesses may testify to

1   general principles without reference to the facts of the case.  Fed. R. Evid. 702,

2   Advisory Committee's Notes (2000).  Per Rule 702's committee notes, such testimony

3   is proper where "(1) the expert [is] . . . qualified; (2) the testimony address[es] a

4   subject matter on which the factfinder can be assisted by an expert; (3) the testimony

5   [is] . . . reliable; and (4) the testimony "fit[s]" the facts of the case."  The Court does

6   not decide, and the parties do not appear to dispute, that Dr. Starnbach is qualified.

7   Thus the Court assumes, without deciding, that Dr. Starnbach is qualified.  Further, the

8   remaining three elements appear to be met.

9        Therefore, Defendants' motion *in limine* to exclude Dr. Starnbach and his expert

10   report will be granted.  However, Dr. Starnbach will be allowed to testify as an expert

11   regarding "general principles testimony without substantive connection to the facts of

12   . . . [the] case."  *See Emblaze Ltd. v. Apple Inc.*, 52 F. Supp. 3d 949, 961 (N.D. Cal.

13   2014).

14

15   **Plaintiff's motion *in limine* to exclude Defendants' expert witness Michael Greger, M.D.**

16   **FACLM and strike his expert reports**

17        Plaintiff moves to exclude Defendants' expert witness, Dr. Greger, because his

18   "methodology is unreliable and untrustworthy."  Unlike Plaintiff's expert reports,

19   however, Defendants' expert reports contain independently verifiable methodology,

20   such as an analysis of certain scholarly articles and includes citations to the articles

21   relied upon.  Consequently, Defendants have met their burden to establish the expert

22   opinion testimony's reliability.  *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d

23   1134, 1141 (9th Cir. 1997).  Therefore, Plaintiff's motion *in limine* to exclude Dr.

24   Greger and strike his expert reports will be denied.

25

26   **Plaintiff's motion *in limine* to exclude certain evidence**

27        Plaintiff moves to exclude an unspecified "multitude of exhibits" and "[o]ther

28   documents" proposed in the parties' Joint Exhibit List because, Plaintiff argues, such

1 evidence is, *inter alia*, irrelevant, inadmissable under Fed. R. Evid. 403, and not

2 authenticated.  As such the motion fails to specify which exhibits, documents, or parts

3 thereof that Plaintiff seeks to exclude.  Consequently, the motion fails, *inter alia*, to

4 "state with particularity the grounds for seeking the order" as required by Fed. R. Civ.

5 P. 7(b)(1), and fails to comply with Local Rule 7-5's requirement that moving papers

6 be "complete."  Accordingly, Plaintiff's motion to exclude certain evidence will be

7 denied.

8

9 **Plaintiff's motion to transfer this case to the United States District Court for the District**

10 **of Utah, Central Division, pursuant to 28 U.S.C. § 1404(a)**

11 Following the dismissal of Acai on March 8, 2017, and the Court's dismissal of

12 Plaintiff's CLRA, FAL, and UCL claims in this Order, only one remaining fact

13 connects the instant case to the State of California — that Plaintiff alleges that he

14 purchased one item from Acai's website.  All remaining parties, all remaining claims,

15 and all remaining alleged conduct occurred outside of California.

16 On June 23, 2017, the Court denied Plaintiff's motion to transfer this case to the

17 United States District Court for the District of Utah, Central Division, pursuant to 28

18 U.S.C. § 1404(a) ["Motion to Transfer"].  Thus, in light of the foregoing, the Court

19 has reconsidered Plaintiff's Motion to Transfer.  Accordingly, in the interest of justice,

20 the Court will grant Plaintiff's Motion to Transfer.

21

22 Accordingly,

23

24 **It is Ordered** that Defendants' motion *in limine* to exclude evidence of conduct

25 by Acai be, and hereby is, **Granted**.

26

27 **It is Further Ordered** that Defendants' motion *in limine* to dismiss the CLRA,

28 FAL, and UCL claims shall be deemed a motion for partial summary judgment, and,

1  as such, be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

2

3  It is Further Ordered that Defendants' motion *in limine* to exclude Plaintiff's

4  expert witness Michael Starnbach, Ph. D. and strike his expert witness reports be, and

5  hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.   However, Dr. Starnbach will be allowed to testify regarding

6  general principles testimony without substantive connection to the facts of the case.

7

8  It is Further Ordered that Plaintiff's motion *in limine* to exclude Defendants'

9  expert witness Michael Greger, M.D. FACLM  and strike his expert reports be, and

10  hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡.

11

12  It is Further Ordered that Plaintiff's motion *in limine* to exclude certain

13  evidence be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡.

14

15  It is Further Ordered that this case be, and hereby is, 𝔗𝔯𝔞𝔫𝔰𝔣𝔢𝔯𝔯𝔢𝔡 to the

16  United States District Court for the District of Utah, Central Division.

17

18

19  Date: July 10, 2017

20  _____

21  Terry J. Hatter Jr.

22  Senior United States District Judge

23

24

25

26

27

28