IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADAM PARKER and ANDREW HARBUT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONAVIE, INC., and MONAVIE, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-cv-00764-DN-DBP<br><br>District Judge David Nuffer |

Plaintiffs Adam Parker and Andrew Harbut initiated a putative class action against Defendants MonaVie, Inc. and MonaVie, LLC (collectively, "MonaVie") in the United States District Court for the Central District of California, Western Division.[1] Mr. Parker dropped out of the suit shortly thereafter, and Mr. Harbut filed an Amended Complaint.[2] The Amended Complaint alleges that MonaVie falsely advertised health benefits of its juice products and asserts claims for: (1) fraud, deceit, and misrepresentation; (2) violation of Utah Consumer Sales Practices Act; (3) violation of Missouri's Merchandising Practices Act; (4) violation of California's Consumers Legal Remedies Act ("CCLRA"); (5) violation of California's False Advertising Law ("CFAL"); (6) violation of California's Unfair Competition Law ("CUCL"); and (7) violation of the Magnuson-Moss Act ("MMA").[3]

---

[1] Class Action Complaint ("Complaint"), docket no. 1, filed Nov. 13, 2012. Juicey Acai, LLC was also named as a defendant in the case, but was dismissed on from the action on March 8, 2017. Voluntary Dismissal of Juicey Acai, LLC Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), docket no. 120, filed Mar. 8, 2017.

[2] First Amended Class Action Complaint ("Amended Complaint"), docket no. 18, filed Feb. 26, 2013.

[3] *Id*. ¶¶ 61-126.

The case was subsequently transferred to the District of Utah.[4] However, prior to transferring the case, District Judge Terry J. Hatter denied two motions for class certification,[5] and denied Mr. Harbut's request to file a third class certification motion.[6] Judge Hatter also dismissed Mr. Harbut's CCLRA, CFAL, and CUCL claims.[7] And Judge Hatter made several evidentiary rulings, including the exclusion of Plaintiff's expert witness Michael Starnbach, Ph.D. and striking of his expert witness report.[8]

Following the case's transfer to the District of Utah in 2017, no further action was taken, and on March 15, 2019, the parties were directed to file a status report.[9] Mr. Harbut's Status Report indicated that he intended to proceed on his class claims.[10] However, in light of Mr. Harbut's failure to previously obtain class certification, and because the deadline to obtain certification had long since passed, the parties were ordered to provide briefing on whether subject matter jurisdiction exists.[11]

Both parties have filed a responsive brief.[12] Mr. Harbut asserts that subject matter jurisdiction existed under the Class Action Fairness Act of 2005 ("CAFA")[13] at the time the Amended Complaint was filed.[14] He also argues that jurisdiction remains notwithstanding his

---

[4] Order, docket no. 155, filed July 10, 2017.

[5] Order, docket no. 67, filed Apr. 14, 2015; Order, docket no. 84, filed Aug. 18, 2015.

[6] Order, docket no. 122, filed Mar. 8, 2017.

[7] Order at 1-3, docket no. 155, filed July 10, 2017.

[8] *Id*. at 3-5.

[9] Status Report Order, docket no. 172, filed Mar. 15, 2019.

[10] Status Report, docket no. 174, filed Apr. 2019.

[11] Order to Show Cause, docket no. 175, filed Apr. 10, 2019.

[12] Plaintiff's Response to the Court's Order to Show Cause ("Plaintiff's Response"), docket no. 176, filed Apr. 19, 2019; MonaVie's Response to Plaintiff's Response to Court's Order to Show Cause (MonaVie's Response"), docket no. 177, filed Apr. 22, 2019.

[13] 28 U.S.C. § 1332(d).

[14] Plaintiff's Response at 2-7.

failure to obtain class certification.[15] And he requested that the deadline for class certificate be extended, that limited discovery be permitted, and that he be given leave to file a class certification motion.[16] In its response, MonaVie asserts that jurisdiction under CAFA does not exist because class certification did not occur and Mr. Harbut cannot demonstrate grounds for extending the class certification deadline or reconsideration of Judge Hatter's orders denying class certification.[17] MonaVie also argues that Mr. Harbut's MMA claim should be dismissed for his failure to respond to the jurisdictional question regarding the claim.[18]

Because CAFA's requirements were met at the time the Amended Complaint was filed, subject matter jurisdiction exists for Mr. Harbut's claims for: (1) fraud, deceit, and misrepresentation; (2) violation of Utah Consumer Sales Practices Act; and (3) violation of Missouri's Merchandising Practices Act. However, Mr. Harbut failed to establish sufficient grounds to extend the discovery and class certification deadlines and reconsider Judge Hatter's prior orders denying class certification. And because a class will not be certified in this case, Mr. Harbut's MMA claim fails to meet the threshold requirements for maintaining a private right of action, and is DISMISSED without prejudice.

## STANDARD

"Federal courts are courts of limited jurisdiction and must have a statutory basis for their jurisdiction."[19] Courts "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction that jurisdiction exists; that showing must be made by a

---

[15] *Id*.

[16] *Id*. at 7-11.

[17] MonaVie's Response at 2-11.

[18] *Id*. at 12-13.

[19] *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016) (internal citation omitted).

preponderance of the evidence."[20] A federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction whenever a question arises as to the existence of federal jurisdiction.[21] "'A court lacking jurisdiction . . . must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.'"[22]

## DISCUSSION

The Amended Complaint alleges class action diversity under CAFA as the basis for federal subject matter jurisdiction in this case.[23] "Under CAFA, a federal district court has subject matter jurisdiction 'over class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member).'"[24] CAFA defines a "class action" as "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure."[25] CAFA is silent on whether class certification is required to maintain federal court jurisdiction. Although the Tenth Circuit has not directly addressed the issue,[26] several circuits have held that jurisdiction does not depend on

---

[20] *Id.*

[21] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[22] Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir.1988) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)), *cert. denied,* 489 U.S. 1080 (1989)); *see also* FED. R. CIV. P. 12(h)(3).

[23] Amended Complaint ¶ 11.

[24] *Dutcher*, 840 F.3d at 1190 (quoting *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009)); *see also* 28 U.S.C. § 1332(d)(2).

[25] 28 U.S.C. § 1332(d)(1)(B) (emphasis added).

[26] At least two district courts have predicted that the Tenth Circuit would follow the other courts of appeal to find that subject matter jurisdiction remains notwithstanding the denial of class certification. *Burdette v. Vigindustries, Inc.,* No. 10–1083–JAR, 2012 WL 5505095, at *2 (D. Kan. Nov. 13, 2012); *Edwards v. ZeniMax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2013 WL 5420933, at *1 (D. Colo. Sept. 27, 2013).

4

certification.[27] Instead, the appropriate inquiry is whether jurisdiction existed at the time the case was *filed* as a class action.[28] This interpretation comports with the legislative history of CAFA[29] and the general principle that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."[30] But, its consequences are concerning.

In light of the failure to obtain class certification, this action remains limited to Mr. Harbut's individual claims, which are minimal and would not satisfy the jurisdictional amount under 28 U.S.C. § 1332(a)(2). "The notion that plaintiffs can manufacture federal jurisdiction by making classwide allegations that turn out not to be certifiable, for whatever reason, is deeply troubling."[31] Nonetheless, as noted by other courts,[32] this is an issue for Congress to resolve.

**The Amended Complaint met CAFA's requirements at the time of filing**

While federal jurisdiction under CAFA does not depend on certification, the party seeking to invoke federal jurisdiction still must satisfy CAFA's minimal diversity requirements.[33]

---

[27] *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017); *Louisiana v. Am. Nat'l Prop. Cas. Co*., 746 F.3d 633, 635 (5th Cir. 2014); *Metz v. Unizan Bank*, 649 F.3d 492, 500-01 (6th Cir. 2011); *Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.3d 805, 806-07 (7th Cir. 2010); *Buetow v. A.L.S. Enters., Inc*., 650 F.3d 1178, 1182 n.2 (8th Cir. 2011); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co*., 602 F.3d 1087, 1091-92 (9th Cir. 2010); *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016).

[28] *Id*.

[29] *Lewis v. Ford Motor Co.*, 685 F.Supp.2d 557, 567 (W.D. Pa. 2010) ("We are persuaded by [the legislative history] that deletion of the provision which would have mandated dismissal of putative class actions which fail to satisfy the requirements of Rule 23 reflects a Congressional intent to allow cases which were originally filed as class actions and met the CAFA requirements to continue in federal court even after certification is denied."); *see also Louisiana,* 746 F.3d at 639.

[30] *Freeport-McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428 (1991); *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938).

[31] *Fleisher v. Phoenix Life Ins. Co.,* 997 F. Supp. 2d 230, 239-40 (S.D.N.Y. 2014).

[32] *Id*.; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV 7582, 2017 WL 1048086, at *16 n.5 (S.D.N.Y. Mar. 17, 2017).

[33] "[I]f the jurisdictional allegations are frivolous or defective from the outset, then jurisdiction never existed in the first place, regardless of the plaintiff's invocation of a class action under CAFA." *Metz,* 649 F.3d at 501 n. 4; *see also Cunningham,* 592 F.3d at 806; *Wright Transportation,* 841 F.3d at 1271.

In its Answer, MonaVie did not admit to CAFA jurisdiction over this action.[34] However, MonaVie has not alleged that the Amended Complaint is frivolous or deficient under CAFA. Instead, MonaVie filed a motion to dismiss the Amended Complaint on other grounds.[35] In his order denying the motion to dismiss, Judge Hatter determined that Mr. Harbut "satisfied the requirements for pleading fraud, establishing jurisdiction, and the acts alleged in his complaint."[36] Although Judge Hatter did not discuss jurisdiction in detail, the Amended Complaint, on its face, satisfies CAFA's jurisdictional requirements.

First, the parties are minimally diverse. Under CAFA, diversity is met so long as at least one plaintiff-class member is of a different citizenship from one defendant.[37] The Amended Complaint alleged that Mr. Harbut "is a citizen of Missouri[.]"[38] And MonaVie's Answer admits that "MonaVie, Inc., is a Utah corporation with its principal place of business at 10855 South River Front Parkway, Suite 100, South Jordan, Utah 84095," and that "MonaVie, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 10855 South river Front Parkway, Suite 100, South Jordan, Utah 84095."[39] These allegations and admissions are sufficient to conclude that there is a reasonable probability that Mr. Harbut and MonaVie, Inc. are diverse parties.[40]

---

[34] MonaVie, Inc.'s and MonaVie, LLC's Answer to Plaintiff's First Amended Complaint ("Answer") ¶ 11, docket no. 32, filed Nov. 21, 2013.

[35] Notice of Motion to Dismiss Plaintiff's Class-Action Complaint, docket no. 24, filed Apr. 4, 2013.

[36] Order at 3, docket no. 31, filed Nov. 7, 2013.

[37] 28 U.S.C. § 1332(d)(2).

[38] Amended Complaint ¶ 11.

[39] Answer ¶ 11; *see also* Amended Complaint ¶¶ 14-15.

[40] A corporation is a citizen of the state where it is incorporated and also of the state where it has its principal place of business. *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). An individual is a citizen of the state in which she is domiciled, as evidenced by her physical location and intent to remain there indefinitely. *Martinez v. Martinez*, 62 Fed. App'x 309, 313 (10th Cir. 2003).

Second, in order for CAFA jurisdiction to apply, the number of members of all proposed plaintiff classes must be at least 100 in the aggregate.[41] The Amended Complaint alleged that "thousands of individuals throughout the United States have purchased MonaVie Products."[42] This allegation reasonably supports a proposed plaintiff class size of greater than 100 members.

Finally, the amount in controversy alleged exceeds $5,000,000 by a preponderance of the evidence.[43] "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."[44] Here, the Amended Complaint alleges that "[t]his court has original jurisdiction over this class action pursuant to 28 U.S.C. Section 1332(d), which explicitly provides for the original jurisdiction of Federal Courts in any class action . . . in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs[.]"[45] The Amended Complaint also alleged:

> The Products cost at least $39.00 for 25 ounces.[46]
>
> The MonaVie Products sell for about $40 for a 25.3 ounce bottle, or about $4 to $6 per day if the Product is used as directed on the bottle.[47]
>
> Mr. Harbut made an online purchase of MonaVie (M)mun . . . on September 29, 2011. The purchase was in the amount of $42.45.[48]
>
> MonaVie LLC reportedly generated more than $2 billion in revenue from 2005 to 2010, according to its CEO, Dallin Larsen.[49]

---

[41] 28 U.S.C. § 1332(d)(5)(B).

[42] Amended Complaint ¶ 54.

[43] 28 U.S.C. §§ 1332(d)(2), (6); *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir. 2012).

[44] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 553 (2014).

[45] Amended Complaint ¶ 11.

[46] *Id*. ¶ 3.

[47] *Id*. ¶ 44.

[48] Amended Complaint ¶ 13.

[49] Amended Complaint ¶ 15.

Based upon the size of the prospective class members alleged, a fact finder might legally conclude that the damages exceed $5,000,000.[50]

Overall, the Amended Complaint's jurisdiction allegations were not frivolous or defective at the time of filing. Therefore, federal subject matter jurisdiction over this matter continues to exist under CAFA, regardless of class certification.

### Good cause does not exist to extend discovery and class certification deadlines, or to reconsider Judge Hatter's prior orders denying class certification

In his Response, Mr. Harbut requests that the deadline to file a motion for class certification be extended and discovery reopened.[51] "A schedule may be modified only for good cause and with the judge's consent."[52] Mr. Harbut has not shown that good cause exists. This case has been pending since November 13, 2012.[53] The stipulated deadline for seeking class certification deadline was January 6, 2015.[54] Mr. Harbut twice sought and was denied class certification.[55] And as recently as March 9, 2017, was denied leave to file a third motion for class certification under a "limited fund" class theory because:

> Such a theory is unsupported. Among other issues – such as the questionable existence of a limited fund – the tort claims in this case are unliquidated and Rule 23(b)(1) cannot be used to "aggregate unliquidated tort claims on a limited fund rationale."[56]

Mr. Harbut's basis for seeking an extension of discovery and the class certification deadline is to permit him identify MonaVie's available assets, so that he may file a class

---

[50] *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016).

[51] Plaintiff's Response at 7-11.

[52] FED. R. CIV. P. 16(b)(4).

[53] Complaint.

[54] Order on Stipulation Regarding Class Certification Discovery and Briefing, docket no. 53, filed Nov. 7, 2014.

[55] Order, docket no. 67, filed Apr. 14, 2015; Order, docket no. 84, filed Aug. 18, 2015.

[56] Order at 1, docket no. 122, filed Mar. 8, 2017 (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 843 (1999)).

8

certification motion under a "limited fund" class theory.[57] Mr. Harbut provides no argument or citation to legal authority to justify reconsidering Judge Hatter's conclusion that—regardless of MonaVie's available assets—a "limited fund" class theory cannot be used for Mr. Harbut's claims. Extending discovery and permitting Mr. Harbut to file a class certification motion under a "limited fund" theory would be futile.

Additionally, prior to the case's transfer to the District of Utah, Judge Hatter ruled on the parties' evidentiary motions.[58] This case is nearly seven years old and is ready for trial. It would be prejudicial to MonaVie to now reopen discovery and prolong the case's disposition. "Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages."[59] Further delays to this case are simply not warranted.

### Mr. Harbut's MMA claim fails to meet the threshold requirements for maintaining a private right of action

The Order to Show Cause directed Mr. Harbut to respond with factual allegations and argument demonstrating how his MMA claim meet the requirements of 15 U.S.C. § 2310(d)(3) for maintaining a private right of action.[60] Mr. Harbut's Response did not address the issue.

The Amended Complaint alleges a cause of action for violation of the MMA.[61] The MMA provides for a private right of action for violations of the Act and federal subject matter

---

[57] Plaintiff's Response at 7-11.

[58] Order at 3-5, docket no. 155, filed July 10, 2017.

[59] *McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir. 1984).

[60] Order to Show Cause at 2-3.

[61] Amended Complaint ¶¶ 119-125.

9

jurisdiction over such suits.[62] However, "[n]o claim shall be cognizable in a suit brought [in federal court]—(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in th[e] suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."[63] The individual claims of Mr. Harbut seek recover for a only single purchase of MonaVie product in the amount of $42.45.[64] Therefore, Mr. Harbut's MMA claim fails to meet the threshold requirements for maintaining a private right of action, and is DISMISSED without prejudice.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Order to Show Cause[65] is SATISFIED. Subject matter jurisdiction exists for Mr. Harbut's claims for: (1) fraud, deceit, and misrepresentation; (2) violation of Utah Consumer Sales Practices Act; and (3) violation of Missouri's Merchandising Practices Act.

IT IS FURTHER HEREBY ORDERED that Mr. Harbut's request for to extend the discovery and class certification deadlines and reconsider Judge Hatter's prior orders denying class certification is DENIED. A class will not be certified in this case.

IT IS FURTHER HEREBY ORDERED that Mr. Harbut's MMA claim is DISMISSED without prejudice.

---

[62] 15 U.S.C. § 2310(d)(1)(B).

[63] *Id*. § 2310(d)(3).

[64] Amended Complaint ¶ 13.

[65] Docket no. 175, filed Apr. 10, 2019.

IT IS FURTHER HEREBY ORDERED that:

(1) A telephonic status conference is set for Tuesday July 2, 2019, at 8:30 a.m., at which time trial and trial-related dates will be set; and

(2) The parties shall meet and confer before the status conference to discuss:

    a. participation in a Magistrate Judge Settlement Conference; and

    b. whether a joint trial should be held on overlapping issues in this matter and *Pontrelli v. MonaVie, Inc., et al.*, 2:17-cv-01215-DN-DBP.

Dated May 24, 2019.

BY THE COURT:

David Nuffer
United States District Judge